UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT NEUMEYER, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 06-9529

STATE FARM FIRE AND                        SECTION: "J" (3)
CASUALTY COMPANY, ET AL.


ORDER

Before the Court is plaintiffs' Motion to Remand and for

Attorney's Fees and Expenses. (Doc. 7.) The motion is opposed.

For the following reasons, the Court finds the motion to remand

should be GRANTED, but an award of attorney's fees is not

warranted.

Plaintiffs' home was damaged in Hurricane Katrina.

Plaintiffs filed suit in state court claiming that State Farm

improperly denied their claim based upon a "concurrent causation

clause" and that their agent Ed Schaumburg concealed this clause

from them. Plaintiffs allege that they never received a copy of

their homeowner's policy. Defendants removed this case claiming

that the agent Ed Schaumburg was improperly joined.

Defendants argue that in the course of State Farm's normal

operating procedures, plaintiffs would have been mailed a copy of

their policy sometime in January 2005. Thus, defendants argue

that plaintiffs must have had notice of the concurrent clause

sometime in January 2005. From this defendants argue that

plaintiffs either cannot state a claim against the agent or that

their claim is perempted. Defendants also argue that plaintiffs

should have known about the concurrent causation clause because

it was identical to one contained in a different policy covering

another property of plaintiffs. Defendants also argue that the

only course of action plaintiffs could have taken had they

received notice of the concurrent causation clause was to

purchase flood insurance. Defendants note that plaintiffs already

had flood insurance.

To state a cause of action for breach of a procuring

insurance agent's fiduciary duty, a plaintiff must show (1) an

undertaking or agreement by the agent to procure insurance; (2)

failure of the agent to use reasonable diligence in attempting to

place the insurance and failure to notify the client promptly if

he has failed to obtain the insurance; and (3) actions by the

agent warranting the client's assumption that he is properly

insured.  *Offshore Prod. Contractors, v. Republic Underwriters*

*Ins. Co.*, 910 F.2d 224, 229 (5th Cir. 1990) (citing *Karam v. St.*

*Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-731 (La. 1973)).

In determining the validity of an allegation of improper joinder, this Court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiffs' favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Therefore, the Court will not draw the inferences suggested by defendants. The Court accepts for the purposes of this motion that plaintiffs never received a copy of their policy, that their agent misrepresented the policy to them, and that, had they known about the concurrent causation clause, they would have refused to purchase the policy as it was offered. Under this factual scenario, it is possible that plaintiffs may recover from their agent in state court for violating his fiduciary duty as their procuring agent. Mr. Schaumburg is properly a party to this suit. Complete diversity is lacking.

The Court sees no reason to revisit its earlier ruling on existence of jurisdiction under the MMTJA.

The lack of federal removal jurisdiction in this case is not so obvious as to warrant an award of attorney's fees and expenses. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand (Doc. 7) is **GRANTED**; the above-captioned action is hereby **REMANDED** to the court from which it was removed;

**IT IS FURTHER ORDERED** that the motion for attorney's fees and expenses is **DENIED**.

New Orleans, Louisiana this the 29th day of January, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE